IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02996-AP

DAVID VITITOE,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**

**1.  APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

<u>For Plaintiff:</u>
DAVID VITITOE
4305 Raritan Street
Denver, CO 80211
(720) 458-3744
DavidVititoe@q.com
*PRO SE*

<u>For Defendant:</u>
JOHN F. WALSH
United States Attorney

WILLIAM G. PHARO
Assistant United States Attorney
william.pharo@usdoj.gov

THOMAS S. INMAN
Special Assistant United States Attorney
1001 17th Street
Denver, Colorado 80202
(303) 844-0014
tom.inman@ssa.gov

-1-

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## 3. DATES OF FILING OF RELEVANT PLEADINGS

    A.    **Date Complaint Was Filed:** 11/17/2011

        B.    **Date Complaint Was Served on U.S. Attorney's Office:** 12/12/2011

        C.    **Date Answer and Administrative Record Were Filed:** 02/10/2011

## 4. STATEMENT REGARDING THE ADEQUACY OF THE RECORD

Plaintiff: The administrative record is inaccurate. Plaintiff's review of the transcript revealed multiple errors made by the court reporter. Also, upon review of the medical records, certain medical records are inaccurate. Because of these inaccuracies, these medical records should be removed from the Administrative Record. Due to multiple errors in the transcription, Plaintiff requests that the transcript be accurately re-transcribed or all transcripts be stricken from the Administrative Record. Due to time constraints, all inaccuracies of the transcript and medical documents could not be provided in this document.

Defendant: There are no issues with the accuracy or completeness of the administrative record.

## 5. STATEMENT REGARDING ADDITIONAL EVIDENCE

Plaintiff:  Plaintiff wishes to submit independent medical reports by Dr. Alan H. Weintaub, MD, Medical Director of the Brain Injury program at Craig Hospital and Dr. James Berry, Neurophysiologist at Craig Hospital to support Plaintiff's claim for disability benefits. These reports should be added as they are from two independent physicians that clarify and confirm in much greater detail and with more in depth analysis the extent of Plaintiff's TBI and related physical condition that has rendered him totally disabled.  These specialist reports will supplement previously submitted information from David P Mulica, MD, Department of Rehabilitation Medicine & Physiatry of Kaiser Permanente.

Defendant: None anticipated.

> ***Court's note: The issues regarding the record were discussed at a pre-briefing conference held on March 12, 2012. The parties will address these issues as part of their briefing.***

## 6. STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES

Plaintiff: The ALJ James Wendland held that Plaintiff was not disabled after being released from the hospital following a semi-tractor trailer v motorcycle collision and "that within twelve months of David Vititoe's traumatic brain injury, and before his date last insured, the claimants cognitive disorder improved to the point that he was only mildly limited in his daily activities and only moderately limited in his social functioning and ability to maintain concentration, persistence and pace.  There have been no episodes of decomposition, each of extended duration."   These ALJ findings were and remain inaccurate. Based on reports and statements submitted by Dr. David P Mulica, Dr. Alan H. Weintaub, and Dr. James Berry, Plaintiff became disabled at the time of the collision on October 26, 2007, remained disabled when released from inpatient care and remains disabled to date.  What is unusual is the extent to which the ALJ findings are from accurate regarding Plaintiff's medical condition.

Social Security's Vocational Expert, Carrie Jensen, claimed that with Plaintiff's limitations, Plaintiff would be unable to work.  The ALJ failed to consider Ms. Jensen's report.

Defendant:  This case does not involve unusually complicated or out-of-the-ordinary claims.

## 7. OTHER MATTERS

Plaintiff: Plaintiff does not have Federal Court legal representation due to fact that the Social Security Appeals Office did not send its decision to Plaintiff until after the time to appeal of the denial had run. Instead the ALJ decision was sent to Plaintiff's former attorney Scott Wilkinson who withdrew representation from Plaintiff's case after the initial appeal was denied in 2009. Due to time constraints imposed by the Court, Plaintiff was unable to obtain counsel to pursue this appeal, though Plaintiff tried.

Defendant:  None.

## 8. BRIEFING SCHEDULE

     A.    **Plaintiff's Opening Brief Due:** 04/10/2012

     B.    **Defendant's Response Brief Due:** 05/09/2012

     C.    **Plaintiff's Reply Brief (If Any) Due:** 05/24/2012

## 9. STATEMENTS REGARDING ORAL ARGUMENT

    A.    **Plaintiff's Statement:** Oral argument is not requested**.**

    B.    **Defendant's Statement:** Oral argument is not requested.

**10. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

    A.    **( )  All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    B.    **(x) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**11. OTHER MATTERS**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

**12. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

*The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.*

    DATED this 12th day of March, 2012.

                          BY THE COURT:

                          <u>*s/John L. Kane*</u>
                          U.S. DISTRICT COURT JUDGE

APPROVED:


s/ David Vititoe
DAVID VITITOE             _____
4305 Raritan Street                David Vititoe
Denver, CO 80211
(720) 458-374             _____
DavidVititoe@q.com *Pro Se*         Yvonne Vititoe



JOHN F. WALSH
UNITED STATES ATTORNEY

WILLIAM G. PHARO
Assistant United States Attorney


s/ Thomas S. Inman
THOMAS S. INMAN
Special Assistant U.S. Attorney
1001 17th Street
Denver, Colorado 80202
Telephone: (303) 844-0014
tom.inman@ssa.gov